**NO. 25-1436**

# United States Court of Appeals

*for the*

# Fourth Circuit

———————

JEREMY JAMES SKIDMORE,

*Plaintiff/Appellant,*

– v. –

MICHAEL SCHINKE and GAIL SAUL,

*Defendants/Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE

## SUPPLEMENTAL BRIEF OF APPELLEES

KEVIN D. HOLDEN
TIMOTHY J. GORDE, JR.
JACKSON LEWIS P.C.
701 East Byrd Street, 17th Floor
P.O. Box 85068
Richmond, Virginia 21235
(804) 649-0403
Kevin.Holden@jacksonlewis.com
Tim.Gorde@jacksonlewis.com

*Counsel for Appellees*

CP COUNSEL PRESS   (800) 4-APPEAL • (131891)

## TABLE OF CONTENTS

                                                                                        **Page**

TABLE OF AUTHORITIES ....................................................................................... ii

I.    PRELIMINARY STATEMENT ....................................................................1

II.   STANDARD OF REVIEW ............................................................................2

III.  ARGUMENT ..................................................................................................2

     A.   Controlling precedent of the Supreme Court of Virginia
         establishes that a *Bowman* claim is not cognizable when the
         statute plaintiff relies upon provides for an exclusive remedy .............2

     B.   This Court may affirm the district court because Skidmore
         failed to plead facts connecting Schinke to Skidmore's
         termination....................................................................................................9

IV.   CONCLUSION.............................................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Bauserman v. City of Winchester*,
Record No. 2215-23-4, 2025 Va. App. LEXIS 422
(Va. Ct. App. July 29, 2025)......................................................................1, 7, 8

*Bowman v. State Bank of Keysville*,
229 Va. 534 (1985) ......................................................................*passim*

*C.F. Tr., Inc. v. First Flight Ltd. P'ship*,
306 F.3d 126 (4th Cir. 2002) ......................................................................8

*Cherrie v. Va. Health Servs.*,
292 Va. 309 (2016) ......................................................................1, 6

*Concerned Taxpayers of Brunswick Cnty. v. Cnty. of Brunswick*,
249 Va. 320 (1995) ......................................................................1, 4, 5, 7

*Doss v. Jamco, Inc.*,
254 Va. 362 (1997) ......................................................................5

*Douglas v. Dabney S. Lancaster Cmty. Coll.*,
990 F. Supp. 447 (W.D. Va. 1997)...................................................... 9-10

*First Am. Title Ins. Co. v. W. Sur. Co.*,
283 Va. 389 (2012) ......................................................................1, 6

*Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc.*,
293 Va. 167 (2017) ......................................................................3

*Gelin v. Balt. Cnty.*,
132 F.4th 700 (4th Cir. 2025) ......................................................................8

*Lucas v. VHC Health*,
128 F.4th 213 (4th Cir. 2025) ......................................................................9

*Thodos v. Commonwealth*,
No. 1041-23-4, 2025 Va. App. LEXIS 333
(Va. Ct. App. June 10, 2025)......................................................................8

*Vansant & Gusler, Inc. v. Washington*,
245 Va. 356 (1993) ......................................................................1, 4

*Weidman v. Exxon Mobil Corp.*,
   776 F.3d 214 (4th Cir. 2015) ............................................................2, 10

*West v. Am. Tel. & Tel. Co.*,
   311 U.S. 223 (1940) ...............................................................................8

**Statutes and Other Authorities:**

12 Va. Admin. Code § 5-371-10..................................................................6

12 Va. Admin. Code § 5-371-90(A) ............................................................6

12 Va. Admin. Code § 5-371-90(B)(2)-(3)..................................................6

12 Va. Admin. Code § 5-371-140(A) ..........................................................6

12 Va. Admin. Code § 5-371-140(G) ..........................................................6

Va. Code § 15.2-1507 ..................................................................................7

Va. Code § 15.2-1507(A)(1)(iv) ............................................................... 7-8

Va. Code § 32.1-123 ....................................................................................6

Va. Code § 32.1-135(A)................................................................................6

Va. Code § 40.1-28.7:9 ........................................................................*passim*

Va. Code § 40.1-28.7:9(A) ..........................................................................4

Va. Code § 40.1-28.7:9(B)............................................................................9

Va. Code § 40.1-28.7:9(C)........................................................................4, 9

Va. Consumer Real Estate Settlement Protection Act ("CRESPA") ........6

Va. Sup. Ct. R. 5:40(a).................................................................................2

## I.    PRELIMINARY STATEMENT

This Court has asked the parties to file supplemental briefs addressing if it should certify the question of whether Appellant Jeremy James Skidmore ("Skidmore") has a viable *Bowman*[1] claim against Appellee Michael Schinke ("Schinke") and Gail Saul ("Saul") (collectively, "Appellee/Employer") to the Supreme Court of Virginia.  With respect, it is neither necessary nor appropriate to certify this question to the Supreme Court of Virginia.

The Supreme Court of Virginia has made clear that when a statute provides a remedy, that remedy is exclusive and there is no viable cause of action for wrongful discharge under the narrow exception of *Bowman*.  *See, e.g.*, *Cherrie v. Va. Health Servs.*, 292 Va. 309, 316-17 (2016); *First Am. Title Ins. Co. v. W. Sur. Co.*, 283 Va. 389, 397 (2012); *Concerned Taxpayers of Brunswick Cnty. v. Cnty. of Brunswick*, 249 Va. 320, 330 (1995); *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 360 (1993).  That this line of authority controls the outcome here was recently confirmed by the Court of Appeals of Virginia in *Bauserman v. City of Winchester*, Record No. 2215-23-4, 2025 Va. App. LEXIS 422 (Va. Ct. App. July 29, 2025).

Separately, certification of this issue to the Supreme Court of Virginia is not necessary.  One of the issues on appeal to the Fourth Circuit is whether Skidmore sufficiently alleged facts showing that Schinke was personally involved in the

---

[1] *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985) ("*Bowman*").

1

alleged wrongful termination, thereby extending the narrow *Bowman* exception to include a claim against an individual.  Under this Court's decision in *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218-19 (4th Cir. 2015), the standards for establishing this type of *Bowman* claim are clear, and as Skidmore failed to plead sufficient facts to establish liability under *Bowman* against Schinke, certification is not necessary and this Court should affirm the district court's order.

## II.    <u>STANDARD OF REVIEW</u>

This Court may certify a question of law to the Supreme Court of Virginia "if a question of Virginia law is determinative in any proceeding pending before [it] and it appears there is no controlling precedent on point in the decisions of this Court or the Court of Appeals of Virginia."  Va. Sup. Ct. R. 5:40(a).

## III.    <u>ARGUMENT</u>

**A.    Controlling precedent of the Supreme Court of Virginia establishes that a *Bowman* claim is not cognizable when the statute plaintiff relies upon provides for an exclusive remedy.**

The district court correctly held that there was no possibility Skidmore could bring a *Bowman* claim against Schinke because the statute he relies on – Va. Code § 40.1-28.7:9 – provides an exclusive remedy.  Appellant agrees that if Va. Code § 40.1-28.7:9 does not support a *Bowman* claim, then the district court was correct to find fraudulent joinder and to dismiss the complaint.  Opening Br. at 11.

2

"Virginia adheres to the employment at-will doctrine, which allows that an employee remains at liberty to leave his employment for any reason or for no reason, and by the same token, the employer" enjoys this same right. *Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc.*, 293 Va. 167, 171 (2017) (cleaned up). In *Bowman*, the Supreme Court of Virginia recognized a narrow "exception to the employment at-will doctrine based upon an employer's violation of public policy in the discharge of an employee." *Id.* at 172.

The statute at issue, Va. Code § 40.1-28.7:9, entitled, "Limiting employees' sharing wage information with other persons prohibited; civil penalty," provides:[2]

> A. No employer shall discharge from employment or take other retaliatory action against an employee because the employee (i) inquired about or discussed with, or disclosed to, another employee any information about either the employee's own wages or other compensation or about any other employee's wages or other compensation or (ii) *filed a complaint with the Department alleging a violation of this section. . . .*
>
> B. Any employer that violates the provisions of this section shall be subject to a civil penalty not to exceed $100 for each violation. The Commissioner shall notify any employer who he alleges has violated any provision of this section by certified mail. Such notice shall contain a description of the alleged violation. Within 15 days of receipt of notice of the alleged violation, the employer may request an informal conference regarding such violation with the Commissioner. In determining the amount of any penalty to be imposed, the Commissioner shall consider the size of the business of the employer charged and the gravity of the violation. The decision of the Commissioner shall be final. Civil penalties

---

[2] Emphasis added.

under this section shall be assessed by the Commissioner and paid to the Literary Fund. The Commissioner shall prescribe procedures for the payment of proposed penalties that are not contested by employers.

C. The Commissioner or his authorized representative shall have the right to petition a circuit court f*or injunctive relief or such other relief as may be necessary for enforcement of this section.*

It does not appear that any court in Virginia (other than the district court) has had the occasion to interpret or apply this statute, in any context. But the Supreme Court of Virginia has held that "[w]hen a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Vansant & Gusler*, 245 Va. at 360 (cleaned up). Virginia Code § 40.1-28.7:9 creates such an exclusive remedy. An employer who violates it is subject to a civil penalty not to exceed $100 for each violation. The statute also allows an employee to "file[] a complaint with the Department alleging a violation of this section" and thereafter the Commissioner or his authorized representative may petition a circuit court for injunctive or other relief under and to enforce the statute. Va. Code § 40.1-28.7:9(A) and (C).

The established law in Virginia does not permit common law claims based on statutory violations when the statutes themselves provide a remedy for enforcing and vindicating those rights. *See, e.g.*, *Concerned Taxpayers*, 249 Va. at 330 (stating that when "a statute creates a right and provides a remedy . . . , then that remedy is

4

exclusive unless the statute says otherwise" (internal quotation marks omitted));
*Doss v. Jamco, Inc.*, 254 Va. 362, 372 (1997) (holding that the VHRA, when amended in 1995, no longer supported *Bowman* claims because the General Assembly inserted an exclusive remedy into the statute). The fact the statute does not expressly allow Skidmore to, in addition to his right to file a claim with the Department of Labor to enforce the statute, thereafter individually file a claim in circuit court is of no consequence; rather, it is evidence of the legislative intent to preclude the type of claim properly dismissed by the district court.

For example, in *Concerned Taxpayers*, the Supreme Court of Virginia held that the plaintiff-taxpayers did not have a "common law right of action as taxpayers to petition for restraint of a local government's unlawful and unauthorized expenditure of public funds." 249 Va. at 330. The court noted that the Procurement Act "confer[red] certain rights and obligations upon citizens of the Commonwealth, nongovernmental contractors, and government entities" that "did not exist in the common law." *Id.* (internal quotation marks omitted). It did not matter that the Procurement Act only allowed "bidders, offerors, and contractors" to invoke the statute's "remedies by protesting an award, initiating administrative procedures, or bringing an action to challenge a decision to award a contract." *Id.* Those remedies were exclusive. *Id.* Like the Procurement Act, before the enactment of Va. Code §

5

40.1-28.7:9, there was no action at common law prohibiting separating an employee from their employment for discussing or disclosing wages.

Similarly, in *Cherrie*, the court found that a regulation created by the Board of Health[3] created two methods of enforcement – administrative sanctions and a civil enforcement action brought by the Commissioner – the same remedies that exist under Va. Code § 40.1-28.7:9, were the exclusive remedies and there was accordingly no private cause of action to enforce the regulation. 292 Va. at 315-16. And, likewise, the court held that because the Virginia Consumer Real Estate Settlement Protection Act ("CRESPA") "expressly provides a remedy for violations of the statute, but that remedy exclusively provides licensing authorities the ability to find and/or otherwise penalize settlement agents who violate the statute," CRESPA did not provide for a cause of action against a surety and the surety bond. *First Am. Title Ins. Co.*, 283 Va. at 397.

---

[3] The Virginia Board of Health ("Board") regulates certain medical facilities in the Commonwealth, including "nursing homes" as defined by Va. Code § 32.1-123. 12 Va. Admin. Code § 5-371-10 defines "nursing facility" as any nursing home as defined in Va. Code § 32.1-123. One condition of licensure requires nursing homes to have written policies and procedures and to make these policies available for review, upon request, to residents and their designated representatives. 12 Va. Admin. Code § 5-371-140(A), (G). By statute and regulation, the Board may enforce this requirement through the imposition of administrative sanctions, which could include, among other things, petitioning a court to impose a civil penalty and revoking or suspending the nursing home's license. 12 Va. Admin. Code § 5-371-90(A), (B)(2)-(3); Va. Code § 32.1-135(A).

That these controlling authorities answer the question of whether Skidmore has presented a viable claim under *Bowman* is confirmed by the Court of Appeals of Virginia's decision in *Bauserman*. Relying on *Concerned Taxpayers*, the *Bauserman* court held that Virginia law does not allow *Bowman* "claims based on public policies contained in statutes which themselves provide a remedy for enforcing and vindicating that policy." 2025 Va. App. LEXIS 422, at *11. In *Bauserman*, the plaintiff sought to raise a *Bowman* claim asserting, in part, that the termination of his employment violated the Virginia public policy protecting local government employees from retaliation for participating in the grievance procedure created by Va. Code § 15.2-1507. *Id.* at *8. In rejecting that claim, the Virginia Court of Appeals held that the administrative process established by Va. Code § 15.2-1507 is "an extensive remedial scheme for resolving employment-related disputes . . . includ[ing] not more than four steps for airing complaints at successively higher levels of local government management . . . ." *Id.* at *11-12. Citing *Concerned Taxpayers*, the Court of Appeals recognized that "[t]he very existence of such a remedial scheme disqualifies the underlying policy from supporting a *Bowman* claim," whether or not the provided remedy includes the ability of the former employee to file a claim in circuit court. *Id.* at *12. Permitting the plaintiff to maintain a *Bowman* claim based on the anti-retaliation policy in Code § 15.2-

1507(A)(1)(iv), the court held, "would circumvent and render meaningless the statute's express limitations on judicial review." *Id.* at *13.

*Bauserman* is an unpublished opinion, and while not technically binding precedent, it is "persuasive authority" and this Court may and should still consider whether it correctly predicts how the Supreme Court of Virginia would rule on the issue presented. *See C.F. Tr., Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126, 136 (4th Cir. 2002); *see also Thodos v. Commonwealth*, No. 1041-23-4, 2025 Va. App. LEXIS 333, at *16 n.3 (Va. Ct. App. June 10, 2025). Indeed, this Court "require[s] persuasive data to depart from a decision of a state intermediate appellate court that is directly on point," even where the decision is unpublished. *Gelin v. Balt. Cnty.*, 132 F.4th 700, 715-16 & n.8 (4th Cir. 2025); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court would decide otherwise."). Skidmore has not and cannot present such data, nor did he file a Reply brief in this Court to address or rebut Appellee/Employer's reliance on *Bauserman*.

The Virginia General Assembly created a statute and a specific, limited remedy: The Commissioner (or his authorized representative) can, in addition to assessing penalties against the employer, "petition a circuit court for *injunctive or*

8

*such other relief* as may be necessary for enforcement of this section." Va. Code § 40.1-28.7:9(B) & (C) (emphasis added). This is the exclusive remedy under the statute, and this Court should affirm the district court's decision.

### B. This Court may affirm the district court because Skidmore failed to plead facts connecting Schinke to Skidmore's termination.

Additionally, this Court "may affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." *Lucas v. VHC Health*, 128 F.4th 213, 221 n.9 (4th Cir. 2025) (internal quotation marks omitted). While Appellee/Employer has argued several alternative bases supports affirming, one can be decided under this Court's precedent: Appellant did not allege facts showing that Schinke was personally involved in any alleged violation of Virginia public policy or wrongful termination.

The only specific allegation that Appellant makes against Schinke is that, in response to Appellant reporting to Sonoco violations of how overtime was being assigned, Schinke allegedly stripped Skidmore of his supervisory responsibilities. *See* JA 13. Appellant alleged that the investigation that caused his termination (prompted by his own anonymous letter) was conducted by someone other than Schinke. *See* JA 13. But as only discharge actions are permitted under *Bowman*, to the extent that Appellant tried to base a *Bowman* claim on the allegation that Schinke reduced his responsibilities, that claim fails as a matter of law. *See Douglas v.*

9

*Dabney S. Lancaster Cmty. Coll.*, 990 F. Supp. 447, 466 (W.D. Va. 1997) (declining to expand *Bowman* to "[a] sexual harassment claim in a non-discharge setting").

Skidmore did not allege that Schinke was personally involved in the decision to separate Skidmore from his employment with Sonoco. Under this Court's decision in *Weidman*, this is fatal to his claim. In considering the plaintiff's wrongful discharge claim, this Court affirmed a finding of fraudulent joinder when the plaintiff did not allege "enough facts to connect the actions of [two of the individual defendants] to his allegedly wrongful discharge." *Weidman*, 776 F.3d at 218. All the *Weidman* plaintiff alleged was that one individual defendant investigated a complaint and another attended his performance improvement meetings. *Id.* at 218-19. Regardless of whether Skidmore may bring a *Bowman* claim based on a violation of Va. Code § 40.1-28.7:9, he simply did not allege enough facts to connect Schinke to the separation of his employment and thus there is no possibility he could have maintained a cause of action against Schinke.

## IV.   CONCLUSION

Appellees respectfully submit that it is not necessary to certify to the Virginia Supreme Court the question of whether Skidmore has a viable *Bowman* claim. The established law provides that Skidmore did not plead facts that would establish a claim for relief on his *Bowman* claim, and this Court should affirm the dismissal of Skidmore's claims.

Dated: January 21, 2026                    Respectfully submitted,


*/s/ Kevin D. Holden*
Kevin D. Holden (VSB No. 30840)
Timothy J. Gorde, Jr. (VSB No. 85929)
JACKSON LEWIS, P.C.
P.O. Box 85068
Richmond, VA 21235
Telephone: 804-649-0403
Facsimile: 804-649-0404
Kevin.Holden@jacksonlewis.com
Tim.Gorde@jacksonlewis.com

*Counsel for Appellees Schinke & Saul*

11

**CERTIFICATE OF COMPLIANCE**

The foregoing brief complies with the typeface and type style requirements because the brief has been prepared in a proportionately spaced typeface using Microsoft Word, Times New Roman, 14 pt. type.

The brief complies with the length requirements of the Order dated January 13, 2026 and contains 10 pages.

January 21, 2026

*/s/ Kevin D. Holden*

12