**NO. 25-1436**

# United States Court of Appeals

*for the*

# Fourth Circuit

JEREMY JAMES SKIDMORE,

*Plaintiff-Appellant,*

– v. –

MICHAEL SCHINKE; GAIL SAUL,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE

## SUPPLEMENTAL BRIEF OF APPELLANT

THOMAS EUGENE STRELKA
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue, SW
Roanoke, Va. 24018
(540) 283-0802
thomas@vaemployment.law

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

I.      Introduction, Procedural Posture          1

II.     Law Regarding Certification              2

III.    Application to the Instant Case          4

# TABLE OF AUTHORITIES

**Statutory**

Va. Code § 40.1-28.7:9      1, 4, 6

Va. Sup. Ct. R. 5:40      2

**Case Law**

*Doss v. Jamco*, 254 Va. 362,      5
492 S.E.2d 441 (1997).

*Hafford v. Equity One, Inc.*, Civil Action No.      3
AW-07-1633, AW-06-0975, 2008 U.S. Dist.
LEXIS 31964, at *14-15 (D. Md. Mar. 31, 2008).

*Horace Mann Ins. Co. v. Gen. Star Nat'l Ins. Co.*,      2
514 F.3d 327, 329 (4th Cir. 2008).

*Lehman Bros. v. Schein*, 416 U.S. 386, 395,      3, 4
94 S. Ct. 1741, 1746 (1974).

*McCarthy v. Tex. Instruments*,      5
999 F. Supp. 823 (E.D. Va. 1998).

*McKesson v. Doe*, 141 S. Ct. 48,      3, 4
51, 208 L. Ed. 2d 158 (2020).

*Roe v. Doe,* 28 F.3d 404, 407 (4th Cir. 1994).      2

*School Bd. v. United States Gypsum Co.*,      2
234 Va. 32, 41, 360 S.E. 2d 325, 329-30 (1987).

*Simpson v. Duke Energy Corp.,* No. 98-1906,      3
999 U.S. App. LEXIS 21553, at *9
(4th Cir. Sept. 8, 1999).

*Smith v. FCX, Inc.*, 744 F.2d 1378, 1379      3
(4th Cir. 1984), *cert. denied*, 471 U.S. 1103,

85 L. Ed. 2d 848, 105 S. Ct. 2330 (1985).

*Stahle v. CTS Corp.*, 817 F.3d 96,                    2
114 (4th Cir. 2016).

*W. Am. Ins. Co. v. Bank of Isle of Wight*,            4
673 F. Supp. 760, 764 (E.D. Va. 1987).

*Williamson v. Va. First Sav. Bank*,                   5
26 F. Supp. 2d 798, 801 (E.D. Va. 1998).


**Secondary Materials**

4 Charles Alan Wright & Arthur R. Miller,              3
*Federal Practice and Procedure* § 4248
(3d ed. 2007)

COMES NOW, the Plaintiff – Appellant, Jeremy Skidmore and files this briefing in response to the Court's order of January 13, 2026.

## I.     Introduction, Procedural Posture

Mr. Skidmore, a blue-collar employee at a paper and packaging plant, began litigating his termination from employment in July 2023 when he filed his two-count action in Alleghany County Circuit Court. That suit was removed and eventually nonsuited. He refiled his lawsuit with a single *Bowman* claim, and nearly three years later, he awaits a decision from this appellate court—as to whether his state law claims against a Virginia resident can be heard in a Virginia court. It is ironic that Defendant argued as its basis for federal jurisdiction that the public policy underlying Va. Code § 40.1-28.7:9 did not state a *Bowman* exception to at will employment under state law as the reason for removal, only to now be in the position of having the federal court suggest that the state court might be a better decider of that issue. While Mr. Skidmore would have appreciated leaving this decision to the state court in the first instance, he now feels obliged to oppose this Court's certification proposal. His legal fees and costs are piling up and he is struggling financially to make it to the finish line. He needs the certainty of a final decision to his litigation battle, and he believes that this court has sufficient information before it to decide the issue.

1

## II.    Law Regarding Certification

A federal court is not required to certify a question to a state supreme court merely because the issue involves state law. A federal court's decision to certify a question to a state supreme court is governed by both state statutory provisions and judicial discretion. Rule 5:40 of the Rules of the Supreme Court of Virginia states that the Commonwealth's highest court may, in its discretion, answer questions of law certified to it by a federal court when (1) the question of Virginia law is determinative in the proceeding before the federal court, and (2) there is no controlling precedent on the issue in the Supreme Court of Virginia or the Virginia Court of Appeals.  See Va. Sup. Ct. R. 5:40; *School Bd. v. United States Gypsum Co.*, 234 Va. 32, 41, 360 S.E. 2d 325, 329-30 (1987).

This Court has emphasized that certification should be used sparingly and only when the state law is so unsettled that the federal court cannot reasonably predict how the state's highest court would rule. *See Roe v. Doe,* 28 F.3d 404, 407 (4th Cir. 1994); *Stahle v. CTS Corp.*, 817 F.3d 96, 114 (4th Cir. 2016). Federal courts sitting in diversity are generally considered competent to predict how the state's highest court would rule on an unsettled issue of state law by reasoning by analogy from existing state law or other persuasive sources, such as intermediate appellate court decisions, treatises, or the practices of other jurisdictions. *Horace Mann Ins. Co. v. Gen. Star Nat'l Ins. Co.*, 514 F.3d 327, 329 (4th Cir. 2008); see also *Hafford*

2

*v. Equity One, Inc.*, Civil Action No. AW-07-1633, AW-06-0975, 2008 U.S. Dist. LEXIS 31964, at *14-15 (D. Md. Mar. 31, 2008) (citing *Simpson v. Duke Energy Corp.,* No. 98-1906, 1999 U.S. App. LEXIS 21553, at *9 (4th Cir. Sept. 8, 1999) and 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4248 (3d ed. 2007) ("where a court can reach a 'reasoned and principled conclusion,'" it has no obligation to certify)). Only if the available state law is clearly insufficient should the Court certify the issue to the state court. *Smith v. FCX, Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984), *cert. denied*, 471 U.S. 1103, 85 L. Ed. 2d 848, 105 S. Ct. 2330 (1985).

The United States Supreme Court has recognized considerations beyond ensuring the accuracy of a decision which bear on a federal court's decision to certify a question to a state high court. "[W]hile the certification procedure is more likely to produce the correct determination of state law, additional time and money are required to achieve such a determination." *Lehman Bros. v. Schein*, 416 U.S. 386, 395, 94 S. Ct. 1741, 1746 (1974). "State certification procedures . . . can prolong the dispute and increase the expenses incurred by the parties." *McKesson v. Doe*, 141 S. Ct. 48, 51, 208 L. Ed. 2d 158 (2020) (per curiam).

> All certifying courts should be keenly aware of their obligation not to abdicate their responsibility to decide issues properly before them. They should also be keenly aware that certification involves an imposition on the time and resources of the Supreme Court of Virginia and an increase in the expenditure of time and resources by the parties for, if certification is ordered, they must

3

submit briefs and may be requested to make oral argument. All of this means delay in disposition, increased costs to the parties, and increased costs in judicial resources. These factors strongly suggest that the discretion to certify should be cautiously exercised. In appropriate cases it is the "best solution", but every case of an issue yet unresolved by the Supreme Court of Virginia is not an *appropriate* case.

*W. Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 764 (E.D. Va. 1987).

While the United States Supreme Court cautions the federal courts to consider and conserve the resources of the litigants and the judiciary, it does not suppose that frugality will yield a poorly decided case. "Our system of 'cooperative judicial federalism' presumes federal and state courts alike are competent to apply federal and state law." *McKesson*, 141 S. Ct. at 51. The system gives the federal courts the benefit of the doubt when making their best effort to analyze and apply state law: "If a court of appeals believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so, its determination should not be disturbed simply because the certification procedure existed but was not used." *Lehman Bros.*, 94 S. Ct. at 1746.

## III. Application to the Instant Case

Here, certification is not necessary because this Court can, using the example of the history of the Virginia Human Rights Act, reason by analogy to determine if Va. Code § 40.1-28.7:9 contains an "exclusive remedy," such that it cannot form the

4

basis for a *Bowman* claim as federal courts in this district have already decided similar issues.

In *Doss v. Jamco*, 254 Va. 362, 492 S.E.2d 441 (1997), the Virginia Supreme Court determined on certification from the Western District of Virginia that "the VHRA] prohibit[s] a common law cause of action [or *Bowman* claim] based upon the public policies reflected [therein.]" 492 S.E.2d at 442-43. A year later, a plaintiff in the Eastern District brought a *Bowman* claim based on the public policy against gender discrimination in the Virginia Constitution. *McCarthy v. Tex. Instruments*, 999 F. Supp. 823 (E.D. Va. 1998).

In *McCarthy*, the plaintiff argued that *Doss* foreclosed *Bowman* claims brought with reference only to the VHRA—not claims premised on the public policy in other statutes.  The Eastern District rejected the plaintiff's argument, finding that even though *Doss* was limited by its plain language to *Bowman* claims brought under the VHRA, the opinion in that case "does not foreclose application of the reasoning contained in it to a broader set of circumstances."  *Id*. at 831. *See also Williamson v. Va. First Sav. Bank*, 26 F. Supp. 2d 798, 801 (E.D. Va. 1998). The *McCarthy* court determined that the *Doss* decision eliminated a plaintiff's ability to bring a *Bowman* claim based upon the public policy of any statute which was the same as a public policy articulated in the VHRA.

5

This Court has all the precedent it needs to determine that unlike the VHRA, Va. Code § 40.1-28.7:9 can be the basis of a *Bowman* claim. On appeal, Mr. Skidmore cited seven cases which focus the inquiry on the remedy for the plaintiff— not merely an administrative consequence to the violator of the policy underlying the statute. *McCarthy* and *Williamson* show that federal courts are empowered to reason from state precedent—even if that precedent presents a discrete holding, which does not specifically answer the question before the federal court.

Mr. Skidmore appreciates this opportunity to weigh in on the Court's consideration of certification. Moreover, Mr. Skidmore desires the timely resolution of his case, and he believes that his interests would be best served by not certifying the Court's proposed question to the Supreme Court of Virginia.

Respectfully submitted,

JEREMY JAMES SKIDMORE

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Ave.
Roanoke, VA 24018
Tel: 540-283-0802
thomas@strelkalaw.com

*Counsel for Appellant*

6

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. __25-1436__    **Caption:**  Jeremy Skidmore v. Michael Schinke

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓]    this brief or other document contains ___1,414___ [*state number of*] words

[ ]    this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓]    this brief or other document has been prepared in a proportionally spaced typeface using
       MS Word _____ [*identify word processing program*] in
       _, 14 pt. Times New Roman___ [*identify font size and type style*]; **or**

[ ]    this brief or other document has been prepared in a monospaced typeface using
       _____ [*identify word processing program*] in
       _____ [*identify font size and type style*].

(s)  Thomas E. Strelka _____

Party Name  appellant _____

Dated:___1.21.26_____